

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1959

Honorable Robert S. Calvert  
Comptroller of Public Accounts  
Capitol Station  
Austin 11, Texas

Opinion No. WW-734

Re: Whether parts for an air conditioner, when bought and used for repair purposes, are taxable under Art. 20.01 of H.B. 11, 3rd C.S., 56th Leg.

Dear Mr. Calvert:

By letter dated October 14, 1959, you advised:

"This Department requests the opinion of your office on the following questions:

"If an automobile is sold with an air conditioner in it (and the tax imposed by Art. 6.01 of H.B. 11, 3rd C.S., 56th Leg. on such sale is duly paid) or if an air conditioner is sold and installed in an automobile (and the tax imposed by Art. 20.04 of said Act on such sale is duly paid) and then such air conditioner becomes in need of repair, which repair necessitates the replacement of some defective part, is the replacement of such defective part in connection with and as a necessary element of the effectuation of such repair service a 'retail sale' as defined in Art. 20.01 of said Act?

"If it is your opinion that such replacement under such circumstances is a 'retail sale' within such definition, then your opinion is also requested whether, under such circumstances, such replacement part is an 'air conditoner' within the definition of Art. 20.01 (i) of said Act."

Under the authority of Attorney General's Opinion No. WW-606 (April 24, 1959) it is apparent that parts installed in the course of repair of an air conditioner and billed to the owner thereof (whether such billing segregates charges for services and parts or includes them in one total) are the subject of a "sale." However, because of the view taken of the second question which you propound, this point is rendered moot.

The pertinent portions of the title to House Bill 11 state that it is "an act. . .levying certain new and addi⟨. . .⟩ tional taxes for support of the State Government including excise taxes on. . .air conditioners. . ."  Article 20.04 of House Bill 11 states:

"There is hereby levied and shall be imposed upon the sale, distribution or use of air condi-tioners in this State an excise tax equivalent to three per cent (3%) of the retail price for which such air conditioners are sold."  (Emphasis added)

Although Chapter 20 of House Bill 11, in which the excise tax on air conditioners is set forth, specifically taxes component parts of radios, television sets or phono-graphs, there is no comparable tax levied upon component parts of air conditioners.  In view of this, it clearly appears that it was not the legislative intent to levy the excise tax upon component parts of air conditioners sold for the purpose of repair.  This conclusion is fortified by the canon of statu-tory construction that all questions concerning whether a rev-enue measure extends to particular objects are to be strictly construed against imposition of the tax and in favor of the taxpayer.  State v. San Patricio Canning Co., 17 S.W.2d 160 (Tex.Civ.App. 1929, no writ history); Western Public Service Co. v. Meharg, 116 Tex. 193, 292 S.W. 168 (1927); Southerland Statutory Construction (2nd Ed.), page 293, Ch. 67, Sec. 6701; and see Attorney General's Opinion No. WW-694 (September 2, 1959).

A minute examination of the definition of "air condi-tioner" contained in Article 20.01 of Chapter 20 of House Bill 11, 3rd C.S., 56th Leg., verifies the foregoing conclusion. The first portion of such definition states that "air condi-tioners" shall mean any self-contained unit, apparatus, device, commonly known, sold and used as an air conditioner.  This, language merely is declaratory of the intent to levy the tax upon devices known, sold or used as air conditioners.  The definition then proceeds to state that the term air conditioner "shall include any instrument, apparatus, or mechanical contri-vance designed, constructed, or assembled as part of any such self-contained unit, apparatus, or device to cool or assist in the cooling of air in any manner."  This language does not extend the scope of the tax to include parts installed in air conditioners during the course of repair.  In view of the leg-islative intent and the canon of statutory construction dis-cussed above, this language can only be construed to include all instruments, apparatus or contrivances which are designed for use in, or constructed or assembled as part of, an original taxable unit.

The second sentence of the definition of the term air conditioner states:

">. . . The term 'air conditioner' shall also include all sub-assemblies, devices or instruments commonly used in conjunction with any such other apparatus, device, sub-assembly or instrument, which when combined or connected as a functioning self-contained unit, apparatus or device will constitute an air conditioner. . . ."

This language does not enlarge the scope of the tax so as to tax other than air conditioners as that term is defined. Though the language used is broad, specifying sub-assemblies, devices, etc., it is limited by the phrase "which when combined or connected as a functioning self-contained unit." The tax is still levied only upon the air conditioner. Obviously the language in the second sentence was included for one purpose, i.e. to avoid fraud and evasion of the tax by sales of separate parts of air conditioners with a subsequent assembly thereof as an original taxable air conditioning unit. Parts sold for such purpose are taxable, but the definition of "air conditioner" affords no basis upon which to tax replacement parts or parts installed in air conditioners during the course of repair.[1]

In summary you are advised that all devices, assemblies, sub-assemblies, etc., designed or sold for original installation or assembly as an air conditioner are taxable, but that parts sold or installed for the purpose or during the course of repair are not taxable.

---

[1] In Opinion No. WW-696 it was stated:

"Also all instruments, devices, assemblies or equipment sold or designed for use in a self-contained air conditioner are taxable under this Act. (To hold otherwise would open the door to fraud and evasion of the tax.)"

This language is not in conflict with the opinion expressed above. It was included in Opinion No. WW-696 only to illustrate the proposition that all devices, sub-assemblies, etc., sold or designed for original installation or assembly as an air conditioner would be taxable.

## SUMMARY

**Parts** for air conditioners when bought and used for repair purposes are not taxable under Article 20.01 of H.B. 11, 3rd C.S., 56th Leg.

Yours very truly,

WILL WILSON
Attorney General

By ~~Jack N. Price~~
Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
John Reeves, Chairman

Robert T. Lewis
J. Arthur Sandlin
Robert G. Scofield

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert